No. 299 April 8, 2026 471

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

EDUARDO ESPINOZA-LOPEZ,
*Defendant-Appellant.*

Marion County Circuit Court
20CR14498, 20CR20425, 20CR61528,
22CR19908, 23CR32020;
A182083 (Control), A182168, A182169, A182170, A182171

Donald D. Abar, Judge.

Submitted January 21, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Stacy M. Du Clos, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Hellman, Judge, and Kistler, Senior Judge.*

KISTLER, S. J.

Affirmed.

Kistler, Senior Judge *vice* Mooney, Senior Judge.

**KISTLER, S. J.**

In this consolidated appeal, defendant challenges his judgment of conviction for assaulting a public safety officer. He argues that the trial court plainly erred in sentencing him to a 30-month term of post-prison supervision. The state agrees that the trial court plainly erred but argues that the error is harmless. For that reason, the state contends, we should not exercise our discretion to reach the error. As explained below, we decline to exercise our discretion to reach the error and affirm.

The state filed five charging instruments alleging that, over a three-year period, defendant committed a series of separate crimes. The last charging instrument alleged that defendant assaulted a public safety officer and, in doing so, unlawfully used a weapon. Defendant and the state negotiated a global settlement that resolved all the offenses alleged in the five charging instruments. Regarding the last charging instrument, defendant agreed to plead no contest to assaulting a public safety officer, and the state agreed to dismiss the charge of unlawfully using a weapon. Based on what appears to be a stipulated sentencing recommendation,[1] the trial court sentenced defendant to 30 months in the custody of the Oregon Department of Corrections and 30 months of post-prison supervision. The court ruled that defendant's sentence for assaulting a public safety officer would run concurrently with the other sentences it imposed pursuant to the global settlement.

In imposing 30 months of post-prison supervision on the conviction for assaulting a public safety officer, the trial court initially questioned whether 30 months was too long under the sentencing guidelines. The court, however, noted a consideration that led it to conclude that a 30-month term of post-prison supervision was permissible and imposed it. The court then asked defense counsel whether it had missed anything, to which defense counsel replied, "No, Your Honor."

---

[1] Before sentencing defendant, the trial court asked the state, "I take it it's stipulated." The state replied, "Stipulated, I believe. I just ask that you adopt the recommendation." Defense counsel noted that his client had suffered a traumatic brain injury but explained that defendant understood "what is going on" and wanted to "get this solved for him." Defense counsel added, "I'd ask the Court to adopt a [*sic*] recommendation."

On appeal, defendant argues that the trial court committed plain error in imposing a 30-month term of post-prison supervision for assaulting a public safety officer. He notes that that crime is a Class C felony for which the maximum term of post-prison supervision is 24 months. *See* OAR 213-005-0002(2)(a). The state agrees that the trial court plainly erred. It argues, however, that the error is harmless.

On that issue, the state notes that two other convictions that were part of the global settlement resulted in longer terms of post-prison supervision, that post-prison supervision will begin after petitioner finishes serving his concurrent prison terms, and that "the terms of post-prison supervision shall be served as a single term." OAR 213-012-0040(1). It follows, the state reasons, that the 30-month term of post-prison supervision for assaulting a public safety officer will be subsumed in the longer terms of post-prison supervision that were imposed the same day. Defendant does not disagree, but he observes that the two convictions that carry longer terms of post-prison supervision could be set aside on collateral review—a possibility that the state discounts because defendant pleaded guilty or no contest to those convictions.

We agree with the parties that the trial court plainly erred in imposing a 30-month term of post-prison supervision for assaulting a public safety officer. However, we decline to exercise our discretion to reach that error. *See State v. Wiltse*, 373 Or 1, 4-5, 22-26, 559 P3d 380 (2024) (explaining that "[a] plain error is not necessarily a reversible error" and identifying some of the bases on which an appellate court can exercise its discretion not to reach the error). In declining to reach the error in this case, we need not decide whether the error is harmless. It is sufficient to say that the likelihood that the two longer post-prison terms will not subsume the shorter 30-month term is slight. *Cf. id.* at 24 (explaining that, even if a plain instructional error was not harmless, the risk of harm was nonetheless slight).

Additionally, the parties appear to have stipulated to a 30-month term of post-prison supervision. Consistently, after the trial court questioned whether the 30-month post-prison supervision term was consistent with the sentencing

guidelines but concluded that it was, the court asked defense counsel whether it had missed anything. Defense counsel replied, "No, Your Honor." Defense counsel's assurance provides another reason for not reaching the error. *See State v. Dowd*, 342 Or App 57, 67, 575 P3d 166, *rev den*, 374 Or 421 (2025) (relying on a similar assurance in declining to reach a plain error). For those reasons, we decline to exercise our discretion to correct the error.

Affirmed.